Paul Sauerbry, t/a Greenwood Dairies, Petitioner *v.* Commonwealth of Pennsylvania, Milk Marketing Board, Respondent.

Submitted on briefs November 16, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Willis F. Daniels, Duane, Morris & Heckscher,* for petitioner.

*Daniel T. Flaherty, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, May 14, 1984:

The petitioner, Paul Sauerbry, seeks review of an Order of the Milk Marketing Board (Board). The Board adopted the Order of a hearing examiner who

found that petitioner had violated Section 807 of the Milk Marketing Law (Law), Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. §700j-807.

In October of 1981, the Board issued a citation against the petitioner which charged him with offering to sell to the Pennsbury School District (District) milk in combination with half pint containers of orange drink, at a price below Milk Marketing Board minimum prices because the orange drink was priced below cost or value.

A hearing examiner presided over a formal hearing on April 13, 1982. The hearing examiner elicited evidence from the Board witness which essentially demonstrated that the petitioner made a bid to the District for milk and half pints of orange drink, and that the price bid for orange drink was less than handling costs for that product, not including any production costs. The Board expert based his findings on cost figures submitted for the calendar year immediately preceding the year in which the bid was made. Additionally, the Board introduced evidence demonstrating that the price bid made by the petitioner for the orange drink was less than half the price which the petitioner charged for a less concentrated orange drink sold to other schools during the same time period. The petitioner objected to the admission of this evidence as immaterial to the charge as stated in the citation against him.

In July of 1982, the hearing examiner issued an order which found that the petitioner had violated Section 807 of the Law. The proposed order recommended a fifty-day suspension of the petitioner's milk dealer's license, or in lieu of a suspension, a $2500 fine. In September of 1982, the Board adopted the recommendation of the hearing examiner and entered an Order to that effect which is the subject of this petition.

Section 807 of the Law states, in pertinent part:

>After the Board shall have fixed the prices to be charged or paid for milk . . . it shall be unlawful for a milk dealer . . . to sell or deliver . . . or offer to sell or deliver . . . milk at any price below the minimum price . . . applicable to the particular transaction.
>
>No device shall be lawful whereby milk is . . . offered to be bought . . . or sold . . . by a combined price for such milk, together with another commodity or a service which is less, or is represented to be less than the aggregate of the price of the milk and the price or value of such commodity or service when . . . offered for sale . . . separately or otherwise.

The Board draws its authority to suspend or revoke the license of a milk dealer who violates any provisions of the Law from Section 404(10) of the Law. Our scope of review of an administrative agency determination is whether an error of law was committed, whether findings of fact are supported by substantial evidence, or whether a party's constitutional rights were violated. 2 Pa. C. S. §704.

The petitioner contends that the Board expert improperly used the cost of production of a half pint of orange drink in 1980 to determine the cost of production for a half-pint of orange drink in May, 1981. Evidence regarding the petitioner's bid submitted to the District for milk and for orange drink in half pint containers indicates that the price bid was below cost for the orange drink. The Board expert found that the bid for each half pint of orange drink was 4.98 cents. He based this finding on cost information submitted by the petitioner to the Board for the calendar year 1980 since he did not have cost figures available for the production of the orange drink manufactured in 1981. From the cost information submitted by the

petitioner the Board expert determined that the petitioner's costs to *handle* the orange drink after production amounted to 5.07 cents based upon the 1980 figures. The handling costs included wholesale delivery, cold room storage, and selling and administrative expenses but did *not* include the costs of actual production.

It appears that the Board expert utilized a legitimate means to determine the cost of the price bid for each half pint of orange drink. Petitioner contends that the 1981 costs should have been used rather than the 1980 costs, however, that information was not available at the time the petitioner made the bid to the District. Moreover, it does not seem likely that the 1981 costs would have so drastically decreased that 4.98 cents per half pint of orange drink would cover both production and handling costs when handling costs alone amounted to 5.07 cents in 1980.

Further testimony before the Board indicated that the petitioner made other bids to non-public schools for orange drink at higher prices for a lesser concentrated product. The Board could reasonably infer, therefore, that the higher concentrated product upon which petitioner bid 4.98 cents to the District would have a higher value than the lesser concentrated product upon which the petitioner bid a higher price to non-public schools during the same period of time.

The petitioner contends that the word "price" appearing in Section 807 of the Law is not synonymous with the word "cost". The word "cost" does not appear anywhere in Section 807, and, the petitioner, therefore, contends that the citation against him is fatal and must be dismissed. The citation against the petitioner states "that the orange drink was priced below cost or value". The operative words in this passage are "cost or value". Section 1903(a) of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S.

§1903(a), emphasizes that words are to be construed according to their common and approved usage. Section 1903(b) of the Act also states that the meaning of general words should be restricted by the words preceding the particular word or words in the statute. A common sense reading of the statute indicates that when the word "value" is used it encompasses within its meaning the terms "price" and/or "cost." Thus, the price of the orange drink is significant and can be used to determine the value as the term value is used in Section 807 of the Law.

The evidence adduced before the Board sufficiently supports the finding of the Board and no error of law was made in reaching that determination.

Order affirmed.

ORDER

AND Now, May 14, 1984, the order of the Board, dated September 15, 1982, at Docket No. C-81-97, is affirmed.